**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CARL WHITEHEAD, # M-00110,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )      **Case No. 14-cv-00468-MJR** |
| | ) |
| **RICHARD HARRINGTON,** | ) |
| | ) |
| **Defendant.** | ) |

## <u>MEMORANDUM AND ORDER</u>

**REAGAN, District Judge:**

Plaintiff Carl Whitehead, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action *pro se* for alleged violations of his constitutional rights under 42 U.S.C. § 1983 (Doc. 1). Plaintiff claims that he was allowed only six sessions in Menard's yard between November 2012 and May 2013 (Doc. 1, p. 5). Plaintiff's denial of yard privileges resulted from numerous unit-wide lockdowns that were unrelated to his own conduct. Plaintiff claims that other inmates, who had the same security classification as him, were allowed significantly more exercise and work opportunities. Plaintiff now sues Defendant Richard Harrington, Menard's warden, for violating his rights under the Eighth and Fourteenth Amendments. He seeks monetary damages and a prison transfer (Doc. 1, p. 6).

### <u>Merits Review Under 28 U.S.C. § 1915A</u>

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state

a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, Plaintiff was sent to segregation at Menard on November 8, 2012 (Doc. 1, p. 5).  Menard allegedly has a policy or practice of placing inmates who are in segregation on lockdown whenever any other house in the facility is also on lockdown.  While on lockdown, inmates in segregation do not receive their usual five hours of outdoor recreation each week.  As a result, Plaintiff was allowed only six opportunities (i.e., a

total of fifteen hours) to exercise in Menard's prison yard between November 2012 and May 2013.  He had only three opportunities to exercise between November 14, 2012, and April 29, 2013, while at the same time living in a one-person cell with another inmate (Doc. 1, p. 9). Plaintiff suffered from pain in his left shoulder.  When he sought treatment, Menard's medical staff told Plaintiff that he was showing early signs of arthritis "due to a lack of exercise."

On one occasion, Plaintiff asked Defendant Harrington to explain the policy. Defendant Harrington said, "This system is in place so that . . . inmates who fight or commit staff assaults cannot come to segr[e]gation and enjoy yard privileges.  Maybe you guys should stop hitting my officers!" (Doc. 1, p. 5).  Plaintiff was not placed in segregation for hitting an officer, and he was not denied yard privileges as punishment for his undisclosed offense.  He was given six months of segregation and a six-month demotion in status to C-grade.

The complaint goes on to allege that Plaintiff's status has now been restored to A-grade.  However, he receives fewer yard and work privileges than other inmates who have the same security classification (Doc. 1, p. 5).  He claims that this disparity in yard and work privileges amounts to discrimination and a denial of equal protection under the law.

Plaintiff now sues Defendant Harrington for cruel and unusual punishment in violation of the Eighth Amendment and for the denial of equal protection of the law in violation of the Fourteenth Amendment (Doc. 1, p. 5).  Plaintiff seeks monetary damages and a prison transfer.

## Discussion

At this early stage, Plaintiff shall be allowed to proceed with his Eighth Amendment claim (**Count 1**) against Defendant Harrington for the denial of yard access. Plaintiff equates the denial of yard access with the denial of meaningful exercise opportunities.

He claims that he suffered from arthritis due to his lack of exercise.  Opportunities to exercise were denied by Menard officials, not because of Plaintiff's conduct, but because of lockdowns in other units that systematically triggered lockdowns in Menard's segregation unit.  Plaintiff spoke directly to Defendant Harrington about this issue.

Based on these allegations, the Court cannot conclude that the complaint fails to state a claim under the Eighth Amendment.  The Seventh Circuit has observed that "an unjustified, lengthy deprivation of opportunity for out-of-cell exercise 'could reasonably be described as cruel and, by reference to the current norms of American prisons, unusual.'" *Winger v. Pierce*, 325 Fed. App'x 435, *1 (7th Cir. 2009) (quoting *Pearson v. Ramos*, 237 F.3d 881, 884 (7th Cir. 2001)); *see also Turley v. Rednour*, 729 F.3d 645, 652 (7th Cir. 2013) (finding that a "pattern of prison-wide lockdowns . . . occur[ing] for flimsy reasons or no reason at all" may support a claim for the deprivation of exercise).  The Seventh Circuit has held that deprivations not unlike the one Plaintiff suffered violated the Constitution.  *See, e.g., Delaney v. DeTella*, 256 F.3d 679, 684 (7th Cir. 2001) (inmate denied yard access for six months suffered sufficient constitutional deprivation); *Pearson*, 237 F.3d at 884-85 (7th Cir. 2001) (denial of yard privileges for more than 90 days may be cognizable under Eighth Amendment); *see also Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 810 (10th Cir. 1999) (nine-month denial of outdoor exercise states Eighth Amendment claim).  Although the Court takes no position regarding the ultimate merits of this claim, Plaintiff shall be allowed to proceed with **Count 1** against Defendant Harrington at this time.

However, Plaintiff's Fourteenth Amendment equal protection claim (**Count 2**) shall be dismissed.  Plaintiff alleges that he was denied equal protection under the law because other A-grade inmates received additional exercise and work privileges (Doc. 1, p. 5).  A "prison

4

administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir.), *cert. denied*, 484 U.S. 935 (1987) (citing *Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir. 1982)).

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action.  A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation.  Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences.  It implies that a decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.

*Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996) (quoting *Shango*, 681 F.2d at 1104). The complaint does not allege that Plaintiff was part of a protected class or that he was singled out for disparate treatment because of his membership in that class.

Further, the complaint fails to state a class-of-one equal protection claim.  To state this type of claim, an individual must allege that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Swanson v. Chetek*, 719 F.3d 780, 784-85 (7th Cir 2013) (quoting *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000)).  The Seventh Circuit explained class-of-one equal protection claims as follows:

> The classic class-of-one claim is illustrated when a public official, "with no conceivable basis for his action other than spite or some other improper motive ... comes down hard on a hapless private citizen." *Lauth v. McCollum,* 424 F.3d 631, 633 (7th Cir. 2005).  This improper motive is usually covert, so courts first look to eliminate all proper motives.  If there was no rational basis for the treatment of the plaintiff, then the motives must be irrational and improper.  *See Vill. of Willowbrook,* 528 U.S. at 564–65.  To achieve clarity, courts look to the treatment of similarly situated individuals: if all principal characteristics of the two individuals are the same, and one received more favorable treatment, this may show there was no proper motivation for the disparate treatment.

*Swanson*, 719 F.3d at 783.  The complaint fails to satisfy the requirements of a class-of-one

equal protection claim.   Beyond asserting that other A-grade inmates had more exercise and work opportunities, the complaint offers no support for this claim.    To the contrary, Plaintiff alleges that he was demoted to C-grade for six months as a result of a rule violation (Doc. 1, p. 5).   This, alone, could explain the different opportunities available to Plaintiff as compared to other inmates.   Without more, the claim fails.   *See Twombly*, 590 U.S. at 570. Accordingly, **Count 2** shall be dismissed against Defendant Harrington without prejudice.

## Pending Motion

Plaintiff has filed a motion to amend (Doc. 5), which consists of a certified trust fund account statement (Doc. 5, pp. 2-4) and additional grievances (Doc. 5, pp. 5-14). Although Plaintiff entitles the motion as a "Motion to Amend," Plaintiff did not file a proposed amended complaint.   The motion to amend is hereby **DENIED**.   To the extent he seeks some other form of relief, such as permission to supplement another pleading with additional exhibits, he should re-file the documents with the appropriate motion.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

**AS TO COUNT 1**, the Clerk of Court shall prepare for **DEFENDANT RICHARD HARRINGTON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).   The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.   If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will

require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs,

notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED: **May 21, 2014**

<u>s/ MICHAEL J. REAGAN</u>
**U.S. District Judge**

8