IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL WHITEHEAD, #M-00110, ) | |
| ) | |
| Plaintiff, ) | CIVIL NO. 14-cv-00468 |
| ) | |
| vs. ) | |
| ) | JUDGE: Stephen C. Williams |
| RICHARD HARRINGTON ) | |
| Defendant. ) | |
| ) | |

## FINAL PRETRIAL ORDER

This matter is before the Court at a Final Pretrial Conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure.

**PLAINTIFF'S COUNSEL:**

Christian G. Montroy
Montroy Law Offices. LLC
2105 Vandalia St.
Second Floor, Suite 12B
Collinsville, IL 62234
618-223-8200

**DEFENDANT'S COUNSEL:**

Jeremy C. Tyrrell
Assistant Attorney General
Illinois Attorney General's Office - Springfield
500 South Second Street
Springfield, IL 62706
217-782-1841

**I.   NATURE OF THE CASE**

This is an action for money damages brought pursuant to 42 U.S.C. §1983.

The Plaintiff, Carl Whitehead, has filed this cause of action alleging that his Eighth Amendment rights were violated while he was incarcerated in the segregation unit at the Menard Correctional Center—a maximum security correctional facility—between November 8, 2012, and May 8, 2013. Plaintiff claims that over these months he was only permitted to attend the yard on approximately six occasions, due to excessive prison lockdowns. Due to a lack of yard time and time outside his 4'6" 10'8" cell, Plaintiff claims that he suffered mental and emotional injuries, and that he was unable to exercise [*and now suffers from early signs of arthritis in his left*

*shoulder causing him pain.*] Plaintiff seeks monetary damages and seeks injunctive relief to prevent this from happening again.

The Defendant, Richard Harrington, was an assistant warden—and later the warden—of Menard Correctional Center during relevant times. Defendant admits that Menard Correctional Center was subject to numerous emergency and non-emergency lockdowns between November 8, 2012, and May 8, 2013, but denies violating Plaintiff's Eighth Amendment rights. At various times, Menard Correctional Center was subject to lockdowns due to assaults on staff, inmate on inmate assaults, weather emergencies, and staff shortages caused by holidays.

## II.   JURISDICTION

A. This is an action for monetary damages and injunctive relief.

B. The jurisdiction of the Court is not disputed. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1343.

## III.   UNCONTROVERTED FACTS

The following facts are not disputed or have been agreed to or stipulated to by the parties:
1. During all times relevant to this action, Plaintiff was an inmate of the Illinois Department of Corrections and placed at Menard Correctional Center.
2. During all times relevant to this action, Defendant was an assistant warden and, later, was the warden of Menard Correctional Center.
3. From November 8, 2012, through May 8, 2013, Plaintiff was housed in segregation at Menard Correctional Center.  Segregation is housing of inmates in special disciplinary units separate from the general population.
4. During this time in segregation, Plaintiff was subject to lockdowns—and unable to access the yard—on the following dates: November 8–19, 2012, December 9–11, 2012, December 14–26, 2012, December 29, 2012, December 31, 2012, January 19–22, 2013, January 31, 2013–February 3, 2013, February 5, 2013–March 20, 2013, March 22, 2013–April 15, 2013, and May 4, 2013.
5. As Warden of Menard Correctional Center, Richard Harrington did not make any requests for additional staffing.

## IV.   AGREED TO ISSUES OF LAW

The parties agree that the following are the issues to be decided by the Court:

Whether Plaintiff was subjected to unconstitutional conditions of confinement, in violation of the Eighth Amendment, when Plaintiff was unable to go to the yard due to lockdowns?

Whether Plaintiff is entitled to any injunctive relief?

Whether Plaintiff is entitled to money damages?

V.  WITNESSES

    A.  List of witnesses plaintiff expects to call, including experts.

        1.  Expert witnesses.

**The physicians that diagnosed and treated Mr. Whitehead's arthritis, including but not limited to Dr. Nwabosi and Dr. Yousuf.**

**All mental health professionals that treated Mr. Whitehead during and with respect to his confinement in segregation.**

**Dr. Trost, Menard Correctional Center Medical Director**

**Defendant objects to calling these persons as expert witnesses as they were not properly disclosed as such under Federal Rule of Civil Procedure 26(a)(2).**

        2.  Non-expert witnesses.

**Carl Whitehead**

**Onaffia McFadden**

**Lucas Duvall**

**Ramell Sturdivant**

**Christopher Pyles**

**Gregory Turley**

**Jeff Hutchinson, and/ or the Current Warden**

**Richard Harrington, Previous Warden**

**Gail Walls, Health Care Unit Administrator**

**Major James R. Brown, Lockdown Coordinator**

**Deputy Director T. Bates**

**David L. Dwight, Office Coordinator**

**Vicky S. Payne, Correctional Counselor II**

**All other officers, counselors, or personnel who made decisions with respect to granting or denying Mr. Whitehead's 4.29.13 grievance.**

**A representative of Menard Correctional Center who has knowledge why Mr. Whitehead's December, 2012, February, 2013 and April, 2013 were received "out of time".**

**A representative of Menard Correctional Center who has knowledge of grievances being lost or submitted obtained by the Grievance Office in an untimely manner.**

**Plaintiff reserves the right to call any witnesses listed by Defendant.**

**Defendant objects to Plaintiff's inmate witnesses because they cannot provide relevant testimony. Defendant also objects to Plaintiff's witnesses relating to grievances on relevancy grounds. Defendant lastly objects to calling Jeffrey Hutchinson and the current warden as they cannot provide any relevant testimony.**

B. List of witnesses defendant expects to call, including experts:

1. Expert witnesses.

   Defendant does not expect to call any expert witnesses.

2. Non-expert witnesses.

   **Richard Harrington**

   **Mike Atchison**

   **Gail Walls, Health Care Unit Administrator**

   **Defendant reserves the right to call any witness listed by Plaintiff.**

C. If there are any third parties to the action, they should include an identical list of witnesses as that contained in parts A and B above.

   **Not applicable.**

D. Rebuttal Witnesses. Each of the parties may call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

## VI. EXHIBITS

The parties shall prepare and append to the Final Pretrial Order a Pretrial Exhibit Stipulation, which shall be on a separate schedule.

The Pretrial Exhibit Stipulation shall contain the style of the case, be entitled "Pretrial Exhibit Stipulation," shall contain each party's numbered list of trial exhibits, other than impeachment exhibits, with objections, if any, to each exhibit, including briefly the basis of the objection. All parties shall list their exhibits in numerical order. Where practicable, copies of all exhibits to which there is an objection will be submitted with the stipulation. The burden for timely submission of a complete list is on plaintiff. Each party is to submit a pre-marked copy of each exhibit for the Court's use at trial.

The list of exhibits shall be substantially in the following form:

### PRETRIAL EXHIBIT STIPULATION

**Plaintiff's Exhibits**

| Number | Description | Objection | If objection, state grounds |
|---|---|---|---|

**Defendant's Exhibits**

| Number | Description | Objection | If objection, state grounds |
|---|---|---|---|

## VII. DAMAGES

Plaintiff seeks $100,000.00 for physical injuries and $100,000.00 for emotional injuries.

## VIII. BIFURCATED TRIAL

The parties do not desire a bifurcated trial.

## IX. TRIAL BRIEFS

Defendant anticipates the need to file a trial brief on the issue of whether the lockdowns were justified by safety and/or security concerns. Defendant requests that a deadline for this brief and any response be set by the Court.

Plaintiff likewise seeks leave to file a trial brief concerning any additional issues that may arise in preparing for trial, and asks the Court for a deadline for the brief and any response.

X.   **LIMITATIONS, RESERVATIONS, AND OTHER MATTERS**

   A.   **Trial Date.** Trial of this cause is set for the week of July 10, 2017.

   B.   **Length of Trial**. The probable length of trial is two days. The case will be listed on the trial calendar to be tried when reached.

   **Mark Appropriate Box:**   JURY. . . . . . . . . _X_
   NON-JURY. . . . _____

   C.   **Number of Jurors.** There shall be a minimum of six jurors.

   D.   **Jury Voir Dire.** The Court will conduct voir dire. Limited participation by counsel may be permitted. If voir dire questions are to be tendered, they should be submitted with the Final Pretrial Order.

   E.   **Jury Instructions.** All jury instructions of all parties shall be submitted with a completed jury instruction order prepared in compliance with this Court's instructions no later than the first day of trial. An original and one copy of each instruction shall be submitted to the Court and duplicates shall be delivered to opposing counsel. The original of each proposed instruction shall be on 8½" x 11" plain white paper without any designation or number. The copy shall be numbered, identify the authority supporting the instruction and which party tenders it. Jury instructions should be produced in a word processing program and submitted on diskette or by electronic means as provided by the Court.

   **IT IS ORDERED** that the Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be made either on application of counsel for the parties or on motion of the Court.

DATED: June 6, 2017

   _/s/ Stephen C. Williams_____

   U.S. Magistrate Judge